ORIGINAL

Ephraim
10/20/09

1 | Daniel David Rigmaiden
Aka: Steven Brawner (detainee booked as)
2 | Agency # 10966111
CCA-CADC

FILED

3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none

OCT 2 0 2009

5 | Daniel David Rigmaiden          MOLLY C. DWYER, CLERK
Pro Se                          U.S. COURT OF APPEALS

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

6

7 |                 UNITED STATES COURT OF APPEALS  OCT 19 2009

8 |              FOR THE NINTH CIRCUIT  FILED
                                       DOCKETED _____
                                                DATE    INITIAL

9 | In re Daniel David Rigmaiden,    )  Case No.: _____

10 |     Petitioner,                  )     (Supplied By Clerk)
                                      )
11 | v.                               )  PETITION FOR WRIT OF MANDAMUS
                                      )  PURSUANT TO FED. R. APP. P.
12 | 1. United States District Court  )  21(c) AND 28 U.S.C. 1651
       For The District Of Arizona,  )
13 |                                  )
    2. Roger Schroeder, Criminal     )
14 |    Justice Act Administrator,    )    09-73336
                                      )
15 | 3. Criminal Justice Act Voucher  )
       Review Unit,                  )
16 |                                  )
        Respondents.                  )
17 | _____)

18 |      Petitioner, Daniel David Rigmaiden (hereafter "Petitioner"),

19 | appearing in pro se, respectfully requests that this Court issue

20 | a writ of mandamus commanding the United States District Court for

21 | the District of Arizona, Phoenix (hereafter "District Court"),

22 | Roger Schroeder, Criminal Justice Act Administrator (hereafter

23 | "Schroeder"), and the Criminal Justice Act Voucher Review Unit

24 | (hereafter "CJA Voucher Review Unit"), (hereafter collectively

25 | "Respondents"), to provide Petitioner with the herein sought after

26 | relief.

27 |      I. JURISDICTION

1

This is a petition for writ of mandamus stemming from Respondents' decision to refuse an administrative request and judicial request directed at Respondents by Petitioner. This Court has jurisdiction to decide this petition pursuant to Fed. R. App. P. 21(c) and 28 U.S.C. 1651.

## II. ISSUES PRESENTED

1. Whether Schroeder and the CJA Voucher Review Unit erred in their decision to refuse Petitioner's request, made pursuant to 18 U.S.C. 3006A(d)(4)(A) et seq. and (e)(4), for copies of "payment vouchers," for criminal case CR08-814-PHX-DGC in the United States District Court for the District of Arizona, Phoenix.

2. Whether the District Court judiciary erred in their refusal to assist Schroeder and the CJA Voucher Review Unit in completing the redaction and generalization steps outlined in 18 U.S.C. 3006A(d)(4)(B) through (E).

3. Whether Respondents erred in not applying the plain language of 18 U.S.C. 3006A(d)(4)(A) and (e)(4) including the "shall be made available to the public" wording of those subsections.

4. Whether an administrative request, made to a Criminal Justice Act administrative, or a judicial request, made to the Court, is the proper avenue to obtain copies of "payment vouchers" for any relevant criminal case.

## III. RELIEF SOUGHT

Petitioner seeks a writ of mandamus commanding Respondents to perform an administrative and judicial duty that Petitioner believes Respondents are required to peform, i.e., comply with Petitioner's request for copies of redacted/generalized or

1  unredacted/detailed "payment vouchers" pursuant to 18 U.S.C.

2  3006A(d)(4)(A) et seq. and (e)(4), for any requested District Court

3  case that can be classified under 18 U.S.C. 3006A et seq.

4  Currently, Petitioner only requests copies of all "payment

5  vouchers" for his personal criminal case (CR08-814-PHX-DGC),

6  however, Petitioner will soon make additional requests for copies

7  of "payment vouchers" in regards to multiple other cases.

8  Therefore, this petition is not filed to solely affect Petitioner's

9  personal criminal case peoceedings. Petitioner rather files this

10 petition, pursuant to Fed. R. App. P. 21(c) and 28 U.S.C. 1651, to

11 obtain issuance of a writ that will have affect not only on

12 Petitioner's "payment voucher" requests pertaining to his personal

13 criminal case, but on all "payment voucher" requests made by

14 Petitioner pertaining to any District Court case that can be

15 classified under 18 U.S.C. 3006A et seq.

16      In summary, Petitioner wants Respondents to process all of

17 Petitioner's "payment voucher" requests in accordance with

18 18 U.S.C. 3006A et seq. and perform the necessary administrative

19 and judicial background tasks required to meet the provisions of

20 that statute.

21      Petitioner believes that an administrative request to obtain

22 copies of "payment vouchers" is appropriate, however, Petitioner

23 is ultimately unconcerned with which avenue of access he is

24 required to utilize, see section II(4), "Issues Presented," supra,

25 as long as the tasks required are not an impossibility or exercise

26 in futility. Petitioner wants Respondents to refrain from creating

27 impossible or futile prerequisite tasks that Petitioner must

3

1  complete in order to receive copies of "payment vouchers" that

2  shall be made available to the public.

3      IV. THE FACTS NECESSARY TO UNDERSTAND THE ISSUES

4          A. Factual background.

5      The facts outlined in this section pertain to Petitioner's

6  request for copies of "payment vouchers" pertaining to his personal

7  criminal case, pending in United States District Court for the

8  District of Arizona, Phoenix, having case number CR08-814-PHX-DGC.

9      On about March 19, 2009, Petitioner sent a letter to the Clerk

10  of the Court, United States District Court for the District of

11  Arizona, Phoenix, dated March 15, 2009. (Ex. [01] of Appendix Doc.

12  [01]) In that letter, Petitioner requested that the Clerk provide

13  him with information regarding the amounts paid to Petitioner's

14  previous attorney, Tom Crowe, for services rendered while Tom Crowe

15  represented Petitioner as a CJA panel appointed attorney. On about

16  April 3, 2009, Petitioner received a response letter from Schroeder

17  dated April 1, 2009. (Ex. [02] of Appendix Doc. [01]) In that

18  letter, Schroeder indicated that the Court would generally review

19  requests for copies of "payment vouchers" and that CJA guidelines

20  preclude payment of any voucher until a case has terminated. On

21  about April 23, 2009, Petitioner sent a letter to Schroeder dated

22  April 21, 2009. (Ex. [03] of Appendix Doc. [01]) In that letter,

23  Petitioner responded to Schroeder's misconceptions regarding the

24  CJA. On about June 9, 2009, Petitioner sent a letter to Schroeder

25  dated June 10, 2009. (Ex. [04] of Appendix Doc. [01]) In that

26  letter, Petitioner notified Schroeder that if he did not receive

27  a response to that letter and his April 21, 2009 letter then

4

1  Petitioner will assume that Schroeder is refusing to comply with

2  Petitioner's request. On about June 25, 2009, Petitioner received

3  a response letter from Schroeder dated June 24, 2009. (Ex. [05] of

4  Appendix Doc. [01]) The letter stated:

5      "I have been directed by Judge Campbell to inform you that
       the information you seek regarding disclosure of vouchers
6      should be addressed to the Court, rather than the CJA
       Voucher Review Unit. Please file a motion for the release
7      of payment information with the Court." Id.

8      On September 4, 2009, Petitioner complied with Respondents'

9  request and filed, in District Court, a "Motion To Request Copies

10 Of All Payment Vouchers And Other Payment Information For Services

11 Rendered Pursuant To The CJA" (hereafter "motion for vouchers").

12 (Appendix Doc. [01]) Petitioner did as instructed by Respondents,

13 however, he did so under protest considering Petitioner believes

14 that an administrative request is the proper avenue to obtain

15 copies of "payment vouchers." Petitioner made note of the futility

16 of filing the motion for vouchers in section II, "Argument," of

17 that very motion. Among other points, Petitioner noted that he is

18 represented by counsel, for his personal criminal case, and that it

19 is standard practice for the presiding judge to deny pro se motions

20 filed by represented defendants. Therefore, Petitioner

21 appropriately requested that the motion for vouchers be denied and

22 that the Court recognize that an administrative request is the

23 proper avenue to obtain copies of "payment vouchers." Petitioner

24 then used the motion for vouchers to request that the presiding

25 judge informally notify Schroeder et al. that Petitioner is

26 entitled to copies of "payment vouchers" and that Schroeder et al.

27 should put into motion the steps required to fulfill Petitioner's

1 | request.

2 | On September 28, 2009, Petitioner received a letter from his

3 | current attorney, for his personal criminal case, containing the

4 | following paragraph:

5 | "While writing this letter the Court called. The Court will
not be considering your motion for copies of any ["payment
6 | voucers"]. The Court also reminded me that on June 26, 2009,
via document number 111 in this case, that it was ordered
7 | that the Court will not consider any motions that are not
filed by your attorney and that you were directed to cease
8 | and desist filing any pr[o] se motions." Id. (**Appendix Doc.
[02]**)

9 |

10 | Petitioner has made both administrative and judicial requests,

11 | however, neither avenue has resulted in Petitioner being provided

12 | with copies of the requested "payment vouchers." Petitioner's

13 | administrative requests were denied and Petitioner's motion for

14 | vouchers was not considered.

15 | B. Analysis of 18 U.S.C. 3006A et seq.

16 | Petitioner has written a detailed technical analysis of

17 | 18 U.S.C. 3006A et seq. and how the statute applies to requests for

18 | copies of "payment vouchers" that shall be made available to the

19 | public. Section II, "Analysis Of The Law," of Petitioner's motion

20 | for vouchers, contains that analysis and it applies equally well

21 | here. (**Appendix Doc. [01]**) Rather than rewrite the entire lengthy

22 | analysis, which would be done nearly verbatim, Petitioner instead

23 | incorporates Appendix Document [01], by reference, directly into

24 | section IV(B) of this petition.

25 | V. THE REASONS WHY THE WRIT SHOULD ISSUE

26 | A. Original argument.

27 | Petitioner has previously written a thorough argument as to

6

1 why Respondents erred in not providing Petitioner with the relief
2 sought in this petitioner. Section III, "Argument," of Petitioner's
3 motion for vouchers, contains that argument and it applies equally
4 well here. (**Appendix Doc. [01]**) Rather than rewrite the entire
5 lengthy argument, which would be done nearly verbatim, Petitioner
6 instead incorporates Appendix Document [01], by reference, directly
7 into section V of this petitioner.

8         B. Additional argument.

9     Petitioner believes that a request for copies of "payment
10 vouchers" should be an administrative request with any judicial
11 involvement occuring in the background and not involving Petitioner.
12 Just as the certification of attorney fees is an administrative
13 act, the providing of attorney fee information should be an
14 administrative act as well. "[The] nonadversarial procedures
15 established by the CJA convinces us that district judge's
16 certification of attorneys' fees is an administrative act..."
17 In re the Matter of Attorney's Fees and Expenses of Appointed
18 Counsel, 693 F.2d 925, 927 (9th Cir. 1982).

19     Petitioner has good reason to request copies of "payment
20 vouchers." "People in an open society do not demand infallibility
21 from their institutions, but it is difficult for them to accept
22 what they are prohibited from observing." Richmond Newspapers, Inc.
23 v. Virginia, 448 U.S. 555, 572 (1980). The Ninth Circuit has noted
24 that "[u]nder the first amendment, the press and the public have
25 a presumed right of access to court proceedings and documents."
26 Oregonian Pub. v. U.S. Dist. Court For Dist. Of Or., 920 F.2d 1462,
27 1465 (9th Cir. 1990). In a First Circuit case, a petitioner

1  challenged the Court's policy of leaving question of public access
2  to memoranda solely in the discretion of the judge. See In re
3  Providence Journal Co., Inc., 293 F.3d 1 (1st Cir. 2002). The Court
4  noted that "the public has a common-law right of access to judicial
5  documents." Id. at 9 (quoting Nixon v. Warner Communications, Inc.,
6  435 U.S. 589, 597 (1978)). The Court further noted that "the
7  public and the press enjoy a constitutional right of access to
8  criminal proceedings under the First and Fourteenth Amendments...
9  [that] extends to documents and kindred materials submitted in
10  connection with prosecution and defense of criminal proceedings."
11  Id. at 10 (citations and internal quotation marks omitted). Both
12  Petitioner's common law right and Constitutional rights have been
13  violated by Respondents. Petitioner's pending requests and future
14  requests for copies of "payment vouchers" should be fulfilled in
15  accordance with 18 U.S.C. 3006A et seq.

16  VI. EXHAUSTION OF AVAILABLE REMEDIES

17  Petitioner has exhausted all available remedies with respect to
18  his request for copies of "payment vouchers" pertaining to his
19  personal criminal case. The attached appendix will show that
20  Petitioner's administrative requests were denied and that
21  Petitioner's motion for vouchers was not considered.

22  VII. NO OTHER ADEQUATE REMEDY AT LAW

23  A mandamus action pursuant to 28 U.S.C. 1361, "Action to compel
24  an officer of the United States to perform his duty," filed at the
25  District Court level, is not an adequate remedy at law under the
26  circumstances. Petitioner has been denied access to copies of
27  "payment vouchers" in both the administrative context and judicial

1  context at the District Court level. Bringing a mandamus civil

2  action at the same district court where the issues originated would

3  be prejudicial to Petitioner. The issues presented may also not be

4  remedied through an appeal considering the nonadversarial nature of

5  the CJA procedures. See <u>In re Matter of Attorney's Fees and</u>

6  <u>Expenses of Appointed Counsel</u>, 693 F.2d 925 (9th Cir. 1982).

7      VIII. <u>PETITION IS PREPARED IN PRO SE</u>

8      Petitioner is appearing in pro se and has no formal legal

9  training whatsoever. The United States Supreme Court requires that

10 this Court hold Petitioner's petition "to less stringent standards

11 than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404

12 U.S. 519, 520 (1972).

13     IX. <u>STATEMENT OF RELATED CASES</u>

14     This case has not been before this Court previously. Petitioner

15 is not aware of any related case or proceeding--completed, pending,

16 or anticipated--before this Court or any other court or agency,

17 state or federal.

18     X. <u>CONCLUSION</u>

19     For the reasons set forth herein, and in the attached appendix,

20 Petitioner respectfully requests that the United States Court of

21 Appeals for the Ninth Circuit grant this petition and issue a writ

22 of mandamus commanding Respondents to comply with the sought after

23 relief outlined in section III of this petition.

24 ///

25 ///

26 ///

27 ///

XI. <u>SWORN AND SIGNED</u>

I, Daniel David Rigmaiden, being first sworn under oath, state that the information contained in the foregoing petition is true and correct to the best of my knowledge and belief.

_____
Signature of Petitioner

Subscribed and sworn to before me this 8th day of October , 2009.

_____
Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 06-07-10

_____
My Commission Expires

STATE OF ARIZONA    )
                    ) ss.
COUNTY OF  Pinal    )

///
///
///
///
///
///
///
///
///
///

10

1    Respectfully subitted: _October 13, 2009_

2

3                       DANIEL DAVID RIGMAIDEN
                       Pro Se

4

5

6                        Daniel D. Rigmaiden
                       Petitioner

7

8

9                   <u>CERTIFICATE OF SERVICE</u>

10      I hereby certify that on _October 13, 2009_      I caused

11 the following to be placed into the CCA-CADC mailing system for

12 United States Postal Service delivery:

13 Original attached document plus _4_ copies addressed to:

14 Clerk, United States Court of Appeals
Ninth Circuit

15 PO Box 193939
San Francisco, CA 94119-3939

16

17 One copy of original document addressed to:

18 Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

19 401 W. Washington St., SPC 1
Phoenix, AZ 85003

20 Roger Schroeder
United States District Court

21 Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1

22 Phoenix, AZ 85003

23 Criminal Justice Act Voucher Review Unit
United States District Court

24 Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1

25 Phoenix, AZ 85003

26

27 By: _Daniel Rigmaiden_

1 | Daniel David Rigmaiden
Aka: Steven Brawner (detainee booked as)
2 | Agency # 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none

5 | Daniel David Rigmaiden
Pro Se

6 |

7 | **UNITED STATES COURT OF APPEALS**

8 | **FOR THE NINTH CIRCUIT**

In re Daniel David Rigmaiden,    ) Case No. **09-73336**
9 |                                )
        Petitioner,               ) (Supplied By Clerk)
10 |                              )
v.                               )
11 |                             ) MOTION FOR LEAVE TO PROCEED
                                 ) PRO SE RE: PETITION FOR WRIT
1. United States District Court  ) OF MANDAMUS PURSUANT TO FED. R.
12 |  For The District Of Arizona, ) APP. P. 21(c) AND 28 U.S.C.
                                 ) 1651
13 | 2. Roger Schroeder, Criminal   )
     Justice Act Administrator,   )
14 |                             )
3. Criminal Justice Act Voucher  )
15 |  Review Unit,                 )
                                 )
16 |     Respondents.              )
                                 )
17 | _____)

18 |     Petitioner, Daniel David Rigmaiden (hereafter "Petitioner"),

19 | appearing in pro se, respectfully requests that this Court issue an

20 | order or letter granting him permission to proceed pro se.

21 | Petitioner is currently acting in de facto pro se. However,

22 | Petitioner requires an official court order or letter recognizing

23 | him as pro se in order for him to be granted sufficient access to

24 | legal materials, legal books, and typewriters at Corrections

25 | Corporation of America, Central Arizona Detention Center, the

26 | facility where he is incarcerated. Without pro se recognition from

27 | this Court, Petitioner may be denied sufficient access to the

1

1 | resources needed to litigate his petition.

2 | It is for the reasons set forth herein that Petitioner
3 | respectfully requests that this motion be granted and that the
4 | attached proposed order or letter be used to fulfill Petitioner's
5 | request.

6 | I, Daniel David Rigmaiden, being first sworn under oath, state
7 | that the information contained in the foregoing motion is true
8 | and correct to the best of my knowledge and belief.

10 | _____
Signature of Petitioner

11 |

12 | Subscribed and sworn to before me this __8th__ day of

13 | __October__, ~~2009~~.

14 | _____
15 | Notary Public

17 | R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

18 |

19 | _____
My Commission Expires

20 | STATE OF ARIZONA )
)
COUNTY OF __Pinal__ ) ss.
21 | )

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///

2

1    Respectfully subitted: October 13, 2009

2

3                            DANIEL DAVID RIGMAIDEN
                             Pro Se

4

5                            Daniel Rigmaiden

6                            Daniel D. Rigmaiden
                             Petitioner

7

8

9                    CERTIFICATE OF SERVICE

10        I hereby certify that on October 13, 2009         I caused

11   the following to be placed into the CCA-CADC mailing system for

12   United States Postal Service delivery:

13   Original attached document plus 4 copies addressed to:

14   Clerk, United States Court of Appeals
     Ninth Circuit
15   PO Box 193939
     San Francisco, CA 94119-3939

16
     One copy of original document addressed to:
17
     Clerk, United States District Court
18   Sandra Day O'Connor U.S. Courthouse, Suite 130
     401 W. Washington St., SPC 1
19   Phoenix, AZ 85003

20   Roger Schroeder
     United States District Court
21   Sandra Day O'Connor U.S. Courthouse, Suite 130
     401 W. Washington St., SPC 1
22   Phoenix, AZ 85003

23   Criminal Justice Act Voucher Review Unit
     United States District Court
24   Sandra Day O'Connor U.S. Courthouse, Suite 130
     401 W. Washington St., SPC 1
25   Phoenix, AZ 85003

26
     By: Daniel Rigmaiden
27

                              3

1

2

3

4

5

6

7  UNITED STATES COURT OF APPEALS

8  FOR THE NINTH CIRCUIT

9  In re Daniel David Rigmaiden,    ) Case No.: _____

10       Petitioner,               )
                                    )      (Supplied By Clerk)
                                    )
11  v.                             ) ORDER
                                    )
12  1. United States District Court )
       For The District Of Arizona,)
13                                  )
    2. Roger Schroeder, Criminal   )
14     Justice Act Administrator,   )
                                    )
15  3. Criminal Justice Act Voucher )
       Review Unit,                 )
16                                  )
         Respondents.              )
17  _____)

18      Upon motion of Petitioner, and good cause appearing, IT IS

19  HEREBY ORDERED that Petitioner is granted leave to proceed pro se.

20  IT IS HEREBY FURTHER ORDERED that this Court recognize Petitioner

21  as a pro se litigant.

22

23  Dated: _____, _____, _____

24

25                        X_____

26                        [                          ]

27  ///

1

Date: _____

Clerk, United States Court of Appeals
Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

Daniel David Rigmaiden
Aka: Steven Brawner (detainee booked as)
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Daniel:

　　The Court is in receipt of your "Petition For Writ Of Mandamus Pursuant To Fed. R. App. P. 21(c) And 28 U.S.C. 1651" that was filed with the Clerk. The Court recognizes that your petition was filed in pro se and that you are a pro se litigant.


Sincerely,



[                                    ]

1 | Daniel David Rigmaiden
Aka: Steven Brawner (detainee booked as)
2 | Agency # 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none

5 | Daniel David Rigmaiden
Pro Se

**FILED**

OCT 2 0 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

6

7 | UNITED STATES COURT OF APPEALS

8 | FOR THE NINTH CIRCUIT

9 | In re Daniel David Rigmaiden, ) Case No. **09-73336**

10 | Petitioner, ) (Supplied By Clerk)

11 | v. ) MOTION FOR LEAVE TO PROCEED IN
) FORMA PAUPERIS RE: PETITION
) FOR WRIT OF MANDAMUS PURSUANT
) TO FED. R. APP. P. 21(c) AND

12 | 1. United States District Court ) 28 U.S.C. 1651
For The District Of Arizona, )
)
13 | 2. Roger Schroeder, Criminal )
Justice Act Administrator, )
14 | )
15 | 3. Criminal Justice Act Voucher )
Review Unit, )
16 | )
Respondents. )
17 | )

18 |     Petitioner, Daniel David Rigmaiden (hereafter "Petitioner"),

19 | appearing in pro se, respectfully requests that this Court allow

20 | him to proceed in forma pauperis in filing the above named

21 | petition. Attached is the "Affidavit Accompanying Motion For

22 | Permission To Petition The Court In Forma Pauperis," the

23 | "Certificate Of Correctional Official As To Status Of Petitioner's

24 | Trust Account," and the "certified account statement" in support

25 | of this motion.

26 |     It is for the reasons set forth herein and in the attached

27 | documents that Petitioner respectfully requests that this motion

1

1 | be granted.

2 |     I, Daniel David Rigmaiden, being first sworn under oath, state

3 | that the information contained in the foregoing motion is true

4 | and correct to the best of my knowledge and belief.

5 |

6 |

7 |                 Signature of Petitioner

8 |     Subscribed and sworn to before me this ___ day of

9 | October_____, 2009.

10 |

11 |                 Notary Public

12 |

13 |                 R. H. MILLAS
                    Notary Public - Arizona

14 |                 PINAL COUNTY
                    My Comm. Exp. 08-07-10

15 |                 My Commission Expires

16 |     STATE OF ARIZONA        )

17 |     COUNTY OF ___Pinal___    ) ss.
                            )

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

Respectfully subitted: October 13, 2009

DANIEL DAVID RIGMAIDEN
Pro Se


Daniel Rigmaiden
Daniel D. Rigmaiden
Petitioner


CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009 I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery:

Original attached document plus 4 copies addressed to:

Clerk, United States Court of Appeals
Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

One copy of original document addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

Roger Schroeder
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

Criminal Justice Act Voucher Review Unit
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003


By: Daniel Rigmaiden

3

## AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO
## PETITION THE COURT IN FORMA PAUPERIS

 I declare under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my petition or post a bond for them. I believe I am entitled to redress. The issues presented in my petition pertain to Respondents' refusal to provide me with copies of criminal case "payment vouchers" for services rendered by individuals hired pursuant to the Criminal Justice Act. I believe I am entitled to copies of "payment vouchers" pursuant to 18 U.S.C. 3006A et seq. wherein the law states that "payment vouchers" shall be made available to the public.

 I am an unmarried 29 year old person with a 12th grade education who has been incarcerated since August 3, 2008. I have received $ 27.00 total within the last 12 months. I currently have $ 0.08 in cash. I currently have no assets. I am not owed any money by any person, business, or organization. No one relies on me for financial support. I have no monthly expenses. I do not expect any major changes to my monthly income or expenses or in my assets or liabilities during the next 12 months. I have not and will not pay any attorney, or any other individual, any money for services in connection with this petition.

 I, Daniel David Rigmaiden, being first sworn under oath, declare under penalty of perjury under United States laws that the information contained in the foregoing affidavit is true and correct to the best of my knowledge and belief.

(28 U.S.C. 1746; 18 U.S.C. 1621.)

[ Notarized signature provided on page # 2. ]

1

1

2                                    _Daniel Pymaiden_
3                                    Signature of Affiant

4        Subscribed and sworn to before me this __8th__ day of

5    __October__ , __2009__.

6                                    _____
7                                    Notary Public

8                                    ```
                                     R. H. MILLAS
                                     Notary Public - Arizona
                                     PINAL COUNTY
                                     My Comm. Exp. 06-07-10
                                     ```
     My Co_____

9        STATE OF ARIZONA
10       COUNTY OF __Pinal__          ) ss.

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

2

<u>CERTIFICATE OF CORRECTIONAL OFFICIAL AS TO</u>
<u>STATUS OF PETITIONER'S TRUST ACCOUNT</u>

I, Donald W. Swartz , a correctional official of the

below named institution, certify that as of this date: 10/08/09

　　1) The petitioner's trust account balance at this institution

is $ .08 .

　　2) The petitioner's average monthly **deposits** during the prior

12 months is $ 2.25 .

　　3) The petitioner's average monthly **balance** during the prior

12 months is $ N/A .

　　The attached certified account statement accurately reflects

the status of the petitioner's account.

_____
Authorized Signature

_____
Title/ID Number

_____
Institution

_____
Date

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

1

File　Maintenance　Batch Processing　Accounting　Inmate　Inventory　Medical　Reports　ZHelp

Alerts:

| Name | BRAWNER, STEVEN | | Agency ID# | CCA # | Unit | 500 |
| | | | 10966111 | 1212093 | Pod | Y |
| Agency | USMS - PHOENIX | | Admit Date | Rel. Date | Cell | 208 |
| ICAS | | Admit Type | DE | 09/25/2008 | 00/00/0000 | Bed | B |

☑ Include Balance on Receipt　☑ Inmate Receipt　☑ Include Cost Recovery Disbursement　☑ Include Officer Signature Line



| Tran Date Time | Post Date Time | Type | Qty/d | Tran Amount | Reason / Detailed Description | Receipt | Check # | Batch |
|---|---|---|---|---|---|---|---|---|
| 02/16/2009 09:24 | | CO | 2 | .78 | COMMISSARY SUMMARY POSTING | 1160947 | | |
| 02/02/2009 06:59 | | CO | 2 | 3.67 | COMMISSARY SUMMARY POSTING | 10983250 | | |
| 01/26/2009 06:34 | | CO | 2 | 15.47 | COMMISSARY SUMMARY POSTING | 10932222 | | |
| 01/21/2009 09:35 | 01/20/2009 21:35 | VM | 1 | 20.00 | ▬▬▬▬▬▬▬▬ | 0887082 | | |
| 01/13/2009 10:59 | | CO | 2 | .03 | COMMISSARY SUMMARY POSTING | 10811288 | | |
| 12/22/2008 13:58 | | CO | 2 | .13 | COMMISSARY SUMMARY POSTING | 10597907 | | |
| 12/16/2008 12:40 | | CO | 2 | 13.94 | COMMISSARY SUMMARY POSTING | 10533201 | | |
| 11/26/2008 16:11 | | UN | 1 | 7.00 | | 10328427 | OTHER | |
| 11/18/2008 07:41 | | CO | 2 | 2.75 | COMMISSARY SUMMARY POSTING | 10240564 | | |
| 10/30/2008 10:42 | | CRV | 2 | -.23 | COMMISSARY SUMMARY REVERS | 10048369 | | |
| 10/27/2008 07:51 | | CO | 2 | 4.33 | COMMISSARY SUMMARY POSTING | 10007066 | | |
| 10/15/2008 06:07 | | CO | 2 | 3.49 | COMMISSARY SUMMARY POSTING | 9897514 | | |
| 10/07/2008 10:43 | | CO | 2 | 11.96 | COMMISSARY SUMMARY POSTING | 9807399 | | |
| 10/01/2008 10:26 | 09/30/2008 20:04 | CK | 1 | 29.42 | INTAKE | 9730030 | INTAKE | |

Current Account Balance: **$0.08**　　　　　Cost Recovery Balance: **$0.00**

Add　Delete　Undelete　Print　Search　Nextg　　　　Receipt　Checks　Old Receipt　Reverse　Save　Abort

Ready

Booking
Account
Alias
Billing Agency
Btch Prprty
Cmmsry Hist
Commissary
Ctgry Lmt
Detainers
Housing
Mail Log
QTY Restrict
Release
$Rstrctions
Social
Status
**Transaction**
HXTrels
Visitors
Alerts
Inmate Diet

Server Agent ✕　Print ... ✕

APPENDIX

PETITION FOR WRIT OF MANDAMUS

Daniel David Rigmaiden, Petitioner

v.

United States District Court
For The District Of Arizona,

Roger Schroeder, Criminal
Justice Act Administrator,

Criminal Justice Act Voucher
Review Unit,

Respondents.

DOCUMENT [01]

1 | **Daniel Rigmaiden**
Aka: Steven Brawner #10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85232
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Defendant as Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

v.

Daniel David Rigmaiden,

    Defendant.

No. CR08-814-PHX-DGC

MOTION TO REQUEST COPIES OF ALL
PAYMENT VOUCHERS AND OTHER
PAYMENT INFORMATION FOR SERVICES
RENDERED PURSUANT TO THE CJA

    Defendant, Daniel David Rigmaiden, appearing as defendant, requests that this court provide to the individual acting as the defendant in the above captioned action, i.e., Daniel David Rigmaiden, all past, present and future payment vouchers and other documents pertaining to the amounts paid for all services rendered (hereafter "payment information") by all individuals hired pursuant to the Criminal Justice Act ("CJA") for criminal case CR08-814-PHX-DGC. These individuals shall include but not be limited to attorneys, investigators, experts and other individuals offering services for the defense, e.g., Tom Crowe, Mark Paige, Lonnie Dworken, Laurianne Litzau, Joy Bertrand and others. This motion is being made pursuant to Roger A. Schroeder's ("Schroeder") June 24, 2009 letter sent to Daniel David Rigmaiden wherein Schroeder indicated that this motion should be filed.

1

1 | Schroeder was unclear on whether he instructed Daniel David
2 | Rigmaiden in his official capacity, as the currently represented
3 | defendant for the above captioned action, or if he instructed
4 | Daniel David Rigmaiden in his personal capacity, as a member of the
5 | public unrelated to the above captioned action.

6 |     This motion is filed by Daniel David Rigmaiden ("defendant"),
7 | in his above noted official capacity, requesting that the payment
8 | information be provided to Daniel David Rigmaiden ("Rigmaiden"), in
9 | his above noted personal capacity. This motion is filed under
10 | protest considering relevant statutory law requires no such filing
11 | either expressly or implicitly and such a filing goes against  the
12 | canons of statutory construction when considering the intended
13 | purpose of Congress to make the requested payment information
14 | available to the public.

15 | I. HISTORY

16 |     On about March 19, 2009, Rigmaiden sent a letter to the Clerk
17 | of the Court, United States District Court in Phoenix, dated March
18 | 15, 2009. (Ex. [01]) In that letter, Rigmaiden requested that the
19 | Clerk provide him with information regarding the amounts paid to
20 | the defendant's previous attorney, Tom Crowe, for services
21 | rendered while Tom Crowe represented the defendant as a CJA panel
22 | appointed attorney. On about April 3, 2009, Rigmaiden received a
23 | response letter from Schroeder dated April 1, 2009. (Ex. [02])
24 | In that letter, Schroeder indicated that the Court would generally
25 | review requests for the requested payment information and that CJA
26 | guidelines preclude payment of any voucher until a case has
27 | terminated. On about April 23, 2009, Rigmaiden sent a letter to

1  Schroeder dated April 21, 2009. (**Ex. [03]**) In that letter,

2  Rigmaiden responded to Schroeder's misconceptions regarding the CJA.

3  On about June 9, 2009, Rigmaiden sent a letter to Schroeder dated

4  June 10, 2009. (**Ex. [04]**) In that letter, Rigmaiden notified

5  Schroeder that if he did not receive a response to that letter and

6  his April 21, 2009 letter then Rigmaiden will assume that Schroeder

7  is refusing to comply with Rigmaiden's request. On about June 25,

8  2009, Rigmaiden received a response letter from Schroeder dated

9  June 24, 2009. (**Ex. [05]**) The letter stated:

10        "I have been directed by Judge Campbell to inform you that
          the information you seek regarding disclosure of vouchers
11        should be addressed to the Court, rather than the CJA
          Voucher Review Unit. Please file a motion for the release
12        of payment information with the Court." Id.

13  This motion follows.

14  II. **ANALYSIS OF THE LAW**

15       Any person charged with a federal crime in the District of

16  Arizona who is financially unable to obtain adequate representation

17  is entitled to Court funded/appointed counsel and other services.

18  See Fed. R. Crim. P. 44; 18 U.S.C. 3006; 18 U.S.C. 3006A et seq.

19  The District of Arizona impliments 18 U.S.C. 3006A(a)(3) and (b),

20  and 18 U.S.C. 3006A(e)(1) stating in relevant part:

21        "[(a)(3)] Private attorneys shall be appointed in a
          substantial proportion of the cases.... [(b)] ... Counsel
22        furnishing representation under the plan shall be selected
          from a panel of attorneys designated or approved by the
23        Court... [(e)(1)] ... Counsel for a person who is
          financially unable to obtain investigative, expert, or
24        other services necessary for adequate representation may
          request them..." Id.

25

26  When faced with a pauper, the District of Arizona hires approved

27  attorneys and other approved services through the "CJA panel" so

3

1  that the pauper may be adequately represented.

2      The controlling authority with respect to making public the

3  records and information pertaining to the amounts paid for attorney

4  services and other services rendered by individuals hired through

5  the CJA panel is 18 U.S.C. 3006A(d)(4)(A) and (e)(4):

6      "[(d)(4)] **Disclosure of fees.--** [(d)(4)(A)] **In general.--**
   Subject to subparagraphs (B) through (E), the amounts paid
7  under this subsection for services in any case <u>shall be</u>
   <u>made available to the public</u> by the court upon the court's
8  approval of the payment. [(e)] **Services other than**
   **counsel.--** [(e)(4)] **Disclosure of fees.--** The amounts paid
9  under this subsection for services in any case <u>shall be</u>
   <u>made available to the public</u>." Id. (emphasis added).
10
   The noted "subparagraphs (B) through (E)" outline procedures that
11
   the Court must follow to prepare the payment information for
12
   disclosure to the public. The procedures cover two specific
13
   scenarios: (1) Pre-trial or trial in progress; and (2) Trial
14
   completed. Subparagraph (B), i.e., 18 U.S.C. 3006A(d)(4)(B), states:
15
16      "**Pre-trial or trial in progress.--**If a trial is in pre-trial
   status or still in progress and after considering the
   defendant's interests as set forth in subparagraph (D), the
17  court shall--
       (i) redact any detailed information on the payment
18  voucher provided by defense counsel to justify the
   expenses to the court; and
19      (ii) make public only the amounts approved for payment
   to defense counsel by dividing those amounts into the
20  following categories:
       (I) Arraignment and or plea.
21      (II) Bail and detention hearings.
       (III) Motions.
22      (IV) Hearings.
       (V) Interviews and conferences.
23      (VI) Obtaining and reviewing records.
       (VII) Legal research and brief writing.
24      (VIII) Travel time.
       (IX) Investigative work.
25      (X) Experts.
       (XI) Trial and appeals.
26      (XII) Other.
   " Id.
27

4

1  Under a "Pre-trial or trial in progress" scenario, and before

2  payment information is made available to the public, the Court must

3  redact any detailed information that may compromise a defendant's

4  interests as set forth in subparagraph (D) and then divide the

5  amounts paid into generic categories as listed in (I) through (XII)

6  above. Subparagraph (C), i.e., 18 U.S.C. 3006A(d)(4)(C), states:

7      **"Trial completed.--**
          (i) **In general.--**If a request for payment is not

8      submitted until after the completion of the trial and
        subject to consideration of the defendant's interests as

9      set forth in subparagraph (D), the court shall make
        available to the public an unredacted copy of the expense

10     voucher.
          (ii) **Protection of the rights of the defendant.--**If the

11     court determines that defendant's interests as set forth
        in subparagraph (D) require a limited disclosure, the

12     court shall disclose amounts as provided in subparagraph
        (B).

13     " Id.

14 Under a "Trial completed" scenario, and before payment information

15 is made available to the public, the Court must determine if a

16 defendant's interests, as set forth in subparagraph (D), will be

17 compromised if unredacted payment information is disclosed to the

18 public. The Court must disclose redacted generalized payment

19 information, as provided in subparagraph (B), if the Court

20 determines that a defendant's interests will be compromised.

21 Otherwise, the Court must make available to the public unredacted

22 detailed payment information. Subparagraph (E), i.e., 18 U.S.C.

23 3006A(d)(4)(E), states in relevant part:

24     "... If there is an appeal, the court shall not release
        unredacted copies of the vouchers provided by defense

25     counsel to justify the expenses to the court until such
        time as the appeals process is completed, unless the court

26     determines that none of the defendant's interests set forth
        in subparagraph (D) will be compromised." Id.

27

<center>5</center>

1   Under a "Trial completed" scenario with a pending appeal, and before

2   payment information is made available to the public, the Court

3   should essentially follow the same procedures outlined in 18 U.S.C.

4   (d)(4)(C).

5        The subparagraph (D) "defendant's interests" referred to in 18

6   U.S.C. 3006A(d)(4)(B), (C) and (E) are listed in 18 U.S.C.

7   3006A(d)(4)(D):

8        **"Considerations.--**The interests referred to in subparagraphs
         (B) and (C) are--
9             (i) to protect any person's 5th amendment right against
         self-incrimination;
10            (ii) to protect the defendants 6th amendment rights to
         effective assistance of counsel;
11            (iii) the defendant's attorney-client privilege;
              (iv) the work product privilege of the defendant's
12        counsel;
              (v) the safety of any person; and
13            (vi) any other interest that justice may require, except
         that the amount of the fees shall not be considered a
14        reason justifying any limited disclosure under section
         3006A(d)(4) of title 18, United States Code.
15       " Id.

16       Disclosure procedures for payment information regarding

17   services other than attorney services, 18 U.S.C. 3006A(e)(4), are

18   not specified other than that amounts paid "shall be made available

19   to the public." Id.

20       According to the law, specific procedures shall be followed by

21   District of Arizona to determine if unredacted/detailed or if

22   redacted/generalized payment information shall be made available to

23   the public. According to the law, payment information shall be

24   made available to the public, in at least redacted/generalized

25   form, upon court approval of any payment voucher. According to the

26   law, the District of Arizona is required to make available to the

27   public unredacted/detailed payment information after a trial has

6

1  completed if such disclosure does not compromise a defendant's

2  interests.

3  III. **ARGUMENT**

4      Rigmaiden wishes to obtain all payment information with respect

5  to the services rendered by individuals hired pursuant to the CJA

6  for the above captioned action. The law makes it clear that the

7  requested payment information shall be made available to the public

8  upon the Court's approval of the amounts to be paid. What is less

9  clear is the procedures that a member of the public must follow in

10 order to obtain the requested payment information. Rigmaiden, a

11 member of the public, has made repeated administrative requests for

12 the payment information, however, it has not been provided.

13 According to Schroeder, the Honorable David G. Campbell ("Judge

14 Campbell") indicated that the request for the payment information

15 should be directed to the Court via motion and not to the CJA

16 Voucher Review Unit. (**Ex. [05]**) The defendant has found no express

17 statutory requirement or precedential interpretative ruling

18 indicating that this very motion is a prerequisite to obtaining the

19 requested payment information. Therefore, the Court "must adhere to

20 the canons of statutory construction and read the provisions of the

21 various statutes implicated in a manner that (1) applies the plain

22 language of the legislation and gives effect to each and every

23 provision, (2) is most warranted by the legislative history and

24 other indicia of Congressional intent, and (3) avoids a

25 Constitutional invalidation of portions of the legislation." In Re

26 U.S. For Order Dir. A Prov. Of Elec. Commun. 534 F.Supp.2d 585, 587

27 (W.D.Pa. 2008).

1      Making a motion to the Court to obtain the requested payment

2  information is counterproductive and goes against the plain language

3  of the statute, i.e., "shall be made available to the public."

4  Absent help from someone with a law degree who has years of

5  experience writing successful briefs, making a motion such as this

6  would be a near impossibility for a member of the public. There is

7  nothing in the plain language of the legislation, legislative

8  history or other indicia of Congressional intent indicating that the

9  requested payment information shall be made available to those who

10  possess the skills to write motions or to those who can afford

11  attorneys to write motions on their behalf. When seeking payment

12  vouchers on a specific case, it is not Congressional intent that a

13  member of the public file a pro se motion under that specific case

14  number, even if not party to the action and even if the case is

15  months concluded, and then wait for a judge to make a ruling. For

16  the present situation, Rigmaiden is party to the action and the

17  case is still pending, however, this motion will likely be denied

18  considering Rigmaiden, as the defendant, is represented by counsel.

19  Denying a pro se motion while a defendant is represented by counsel

20  is standard practice in Judge Campbell's courtroom. For the present

21  situation, if Rigmaiden cannot convince his attorney to file a

22  motion for the requested payment information then the plain language

23  of the legislation will never be applied, i.e., "shall be made

24  available to the public." "The plain meaning of the words chosen by

25  Congress is controlling in the absence of a clearly expressed

26  legislative intent." Vance v. Hegstrom, 793 F.2d 1018, 1023

27  (9th Cir. 1986); See also TVA v. Hill, 437 U.S. 153, 187 n. 33

1 (1978). Under any scenario, Congress clearly did not intend for a

2 member of the public to file a motion in order to obtain copies of

3 payment vouchers that shall be made available to the public.

4     There is other indicia showing that the District of Arizona is

5 going against Congressional intent when it makes the requested

6 payment information not readily available to the public. The

7 concept of making the requested payment information public is

8 deeply rooted in the United States Constitution. "In all criminal

9 prosecutions, the accused shall enjoy the right to a speedy and

10 **public trial...**" U.S. Const. Amend. 6 (emphasis added). "The

11 accused is entitled to a public trial so that the public may see he

12 is fairly dealt with and not unjustly condemned, and that the

13 presence of interested spectators may **keep his triers keenly alive**

14 **to a sense of their responsibility and to the importance of their**

15 **functions.**" Cosentino v. Kelly, 102 F.3d 71, 73 (2nd Cir. 1996)

16 (emphasis added) (internal citations and quotation marks omitted).

17 "Openness in court proceedings may... cause all trial participants

18 to perform their duties more conscientiously, and generally give

19 the public an opportunity to observe the judicial system." U.S v.

20 Sherlock, 962 F.2d 1349, 1356 (9th Cir. 1989) (internal citations

21 omitted). "It discourages perjury and  ensures that judges, lawyers

22 and witnesses carry out their respective functions responsibly." Id.

23 (internal citations and quotation marks omitted). Making the

24 requested payment information public ensures that individuals

25 hired pursuant to the CJA, and those that approve payment vouchers,

26 carry out their respective functions responsibly. Other than

27 holding individuals accountable, there is nearly no other

9

conceivable reason why Congress intended to make the requested

payment information available to the public. Other indicia shows

that Congress is concerned about abuse of the payment voucher

system:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. 1927.

A CJA panel attorney who "multiplies proceedings" solely for the

purpose of increasing his billings may be liable for his own

attorney fees under 28 U.S.C. 1927. Congress has also enacted

legislation that provides methods for the public to use to compel

an officer or employee of the United States, e.g., CJA panel

administrators, to perform their duties, e.g., provide payment

vouchers to members of the public:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361.

Requiring Rigmaiden to complete impossible tasks, i.e., filing

an unnecessary motion that will never be granted, is in violation

of 18 U.S.C. 3006A et seq. when applying the canons of statutory

construction. The procedure should be an administrative request,

which has already been made, and not a motion to the Court.

## IV. CONCLUSION

It is for the facts, points and authorities setforth herein

that the defendant respectfully requests that this motion **be denied**.

This motion is unnecessary. The defendant informally requests that

Judge Campbell informally notify Schroeder et al. (similar to the

10

1 | informal notification that resulted in this motion) that Daniel
2 | David Rigmaiden, in his personal capacity, is immediately entitled
3 | to the requested payment information pursuant to 18 U.S.C.
4 | 3006A(d)(4)(A) and (e)(4), and that Schroeder et al. should put
5 | into motion the steps required to comply with the full scope of 18
6 | U.S.C. 3006A et seq. and fulfill Rigmaiden's pending request.

7 |   LRCrim 12.2 requires the undersigned to include the following
8 | in all motions: "Excludable delay under 18 U.S.C. 3161(h) will
9 | occur as a result of this motion or of an order based thereon."
10 | However, the defendant posits that this motion will not cause any
11 | "delay" and objects to any delay as a result of this motion or of
12 | an order based thereon.

13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///

11

1    Respectfully submitted: _September 4, 2009_____

2

3                         DANIEL DAVID RIGMAIDEN
                        Defendant as Defendant

4

5

6                         _Daniel Rigmaiden_____
                        Daniel D. Rigmaiden

7                         Defendant

8

9                     CERTIFICATE OF SERVICE

10     I hereby certify that on _September 4, 2009_____ I caused the

11 following to be placed into the CCA-CADC mailing system for United

12 States Postal Service delivery:

13 Original attached document plus _1_ copy(s) addressed to:

14 Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

15 401 W. Washington St., SPC 1
Phoenix, AZ 85003

16

17 One copy each of original document addressed to:

18 _Frederick A. Battista_____

19 _Assistant U.S. Attorney_____

20 _40 N. Central Ave., Suite 1200_

    _Phoenix, AZ 85004_____

21

22 _Philip Seplow_____

23 _2000 North 7th St._____

    _Phoenix, AZ 85006_____

24 _____

25

26 By: _Daniel Rigmaiden_____

27

                        12

EXHIBIT [01]
United States v. Rigmaiden
O8CR814

March 15, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 1 of 3

---

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk of the Court
U.S. District Court
401 W. Washington St. SPC-1
Phoenix, AZ 85003

Clerk of the Court:

I am currently being held at the Corrections Corporation of
America, Central Arizona Detention Center (CCA-CADC) as a federal
pretrial detainee. My agency number is 10966111 and I am booked
under the name "Steven Brawner". I am currently facing federal
charges under my true name, Daniel David Rigmaiden. My federal
case number is CR08-814-PHX-DGC.

On October 11, 2008, pursuant to a Court order, I was
assigned the CJA panel attorney, Thomas Crowe. The order was then
made effective on September 30, 2008 nunc pro tunc. On February
25, 2009, pursuant to a Court order, Thomas Crowe was removed as
my attorney. This order was made effective on February 27, 2009.

Pursuant to 18 U.S.C. 3006A(d)(4)(A) and the Freedom of
Information Act, I request that the Court provide me with a full
disclosure of the amounts paid for services rendered by my
previous attorney, Thomas Crowe. 18 U.S.C. 3006A(d)(4)(A) states
in part:

> "...the amounts paid under this subsection for
> services in any case shall be made available to the
> public by the court upon the court's approval of
> the payment."

If a full disclosure is not permitted at this time then I request
a limited disclosure.

Thomas Crowe's full information is as follows:

[ See page # 2 ]

March 15, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 2 of 3

Crowe & Scott, P.A.
Thomas N. Crowe, Esq.(#002180)
1100 E. Washington St. Suite 200
Phoenix, AZ 85034-1090

Telephone: (602) 252-2570
Facsimile: (602) 252-1939
Email: tom@crowescott.com

    I appreciate your assistance with the matter outlined in
this letter. I look forward to receiving a response.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

March 15, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 3 of 3

_____

Sincerely,

_____

Daniel Rigmaiden

*Daniel Rigmaiden*
_____ Author

State of ____ARIZONA____ )
County of ____PINAL____ ) ss.          ACKNOWLEDGMENT

On this ___19th___ day of ___MARCH_____ , __2009__ , before
me, the undersigned Notary Public, personally appeared,
_____ DANIEL RIGMAIDEN _____
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

_____ Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

EXHIBIT [02]
United States v. Rigmaiden
08CR814

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

April 1, 2009

Daniel Rigmaiden
AKA Steven Brawner
Agency # 10966111
CCA-CADC
P. O. Box 6300
Florence, AZ 85003

**Re: Request for payment information in *USA v. Rigmaiden*, CR 08-814 PHX DGC**

Dear Mr. Rigmaiden:

Neither the Freedom of Information Act (5 U.S.C. §552) nor the Privacy Act (5 U.S.C. §552a) applies to the Judiciary and neither is applicable to requests for release to the public of records and information pertaining to activities under the Criminal Justice Act (CJA) and related statutes. Despite this fact, the Court will generally review such requests and make a determination as to whether or not disclosure, or limited disclosure, is appropriate.

CJA guidelines preclude payment of any voucher until a case has terminated. The case for which you request information remains pending and no vouchers have been submitted by any attorney. You may resubmit your request for the Court's consideration at the conclusion of the case. Please note that attorneys typically are allowed up to 45 days in which to submit their vouchers.

Sincerely,

Roger A. Schroeder
CJA Administrator

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

EXHIBIT [03]
United States v. Rigmaiden
08CR814

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 1 of 3

_____

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk, U.S. District Court
Attention: Roger A. Schroeder, CJA Administrator
401 W. Washington St., SPC-1
Phoenix, AZ 85003

Roger A. Schroeder:

    I am writing you this letter to provide information, according
to my understanding of the law, with respect to the Criminal
Justice Act (CJA) and 18 U.S.C. 3006A. First, I thank-you for
informing me of the fact that the Freedom of Information Act
(5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) do not apply
to the Judiciary. Detainees at CCA-CADC are not provided with
access to Title 5, among many other missing resources, nor are we
provided with assistance from individuals adequately trained in
law. CCA-CADC in no way meets its legal obligation pursuant to
applicable case law, e.g., Lewis v. Casey, 116 S.Ct. 2174 (1996).
Furthermore, as I am sure you are aware considering your position
as a CJA Administrator, CJA panel attorneys refuse to assist
clients in any matter that even slightly out steps the bounds of
what they perceive to be their role in representation.

    As noted previously in my letter dated March 15, 2009, the
controlling authority with respect to making public the records
and information pertaining to the amounts paid for services
rendered by CJA panel attorneys is 18 U.S.C. 3006A et seq. In
your April 1, 2009 letter you state, "the Court will generally
review such requests...". However, pursuant to 18 U.S.C.
3006A(d)(4)(A), the Court is not only obligated to review such
requests but **shall** provide either a full disclosure or partial
disclosure after applying subparagraphs (B) through (E). With
respect to partial disclosure, the Court is to follow the redaction
instructions outlined in 18 U.S.C. 3006A(d)(4)(B)(i) and (ii)
after applying 18 U.S.C. 3006A(d)(4)(B) through (E).

    In your April 1, 2009 letter you state, "CJA guidelines
preclude payment of any voucher until a case has terminated".
However, pursuant to 18 U.S.C. 3006A(d)(4)(B) titled "Pre-trial
or trial in progress", for cases in pre-trial status such as mine,
the Court is to first apply 18 U.S.C. 3006A(d)(4)(D) and then
follow the redaction instructions outlined in 18 U.S.C.
3006A(d)(4)(B)(i) and (ii). The authors of 18 U.S.C. 3006A et seq.

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 2 of 3

_____

would not have included a provision covering "Pre-trial or trial
in progress", with respect to disclosure of payment information,
if CJA guidelines preclude payment of any voucher until a case
has terminated. I believe your position on the matter may change
if you review the above noted statutes.

     Specifically with my case, I am being subjected to a violation
of my right to speedy trial under the 6th Amendment and pursuant
to Barker v. Wingo. I expect, and have been informed, that my case
will take years to conclude. Attorneys, investigators, experts
and other individuals offering services are not expected to wait
years, in cases such as mine, before receiving payment for
services rendered. As you stated in your April 1, 2009 letter, no
vouchers have been submitted for my case. I expect that vouchers
will be submitted soon.

     This letter shall serve as notice that I am requesting of you
copies of all vouchers and other documents, **as they become
available**, pertaining to the amounts paid for all services rendered
by all individuals hired pursuant to the CJA for criminal case
CR08-814-PHX-DGC. These individuals shall include attorneys,
investigators, experts and other individuals offering services for
the defense, e.g., Tom Crowe, Mark Paige, computer forensics
specialists and others. This request is made pursuant to 18 U.S.C.
3006A(d)(4)(A) and 18 U.S.C. 3006A(e)(4). Please keep me updated
as vouchers are submitted and as you notify the Court to make
determinations as to what information will be provided to me
pursuant to this request and pursuant to the applicable authority
outlined in this letter.

     I am a member of the public making a request for information
that is to be made public record pursuant to the applicable
authority outlined in this letter. Therefore, it is your duty, as
the individual assigned to handle such requests, to comply with
my request. This letter shall act as my exhaustion of
administrative remedies (though typically not required) that may
be a prerequisite to a 42 U.S.C. 1983 civil action, in the nature
of mandamus, with jurisdiction held in federal court pursuant to
28 U.S.C. 1361 which states:

     "The district courts shall have original jurisdiction of
     any action in the nature of mandamus to compel an officer
     or employee of the United States or any agency thereof to
     perform a duty owed to the plaintiff."

     I appreciate your assistance with the matters outlined in
this letter. I look forward to receiving a response.

///

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 3 of 3

---

Sincerely,

Daniel Rigmaiden

*Daniel Rigmaiden*
_____
Author

State of _____ARIZONA_____ )
                                ) ss.        ACKNOWLEDGMENT
County of _____PINAL_____   )

On this __23rd__ day of ____APRIL____ , __2009__ , before
me, the undersigned Notary Public, personally appeared,
*Daniel Rigmaiden AKA Steven Brawner*
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

_____
Notary Public

EXHIBIT [04]
United States v. Rigmaiden
08CR814

June 10, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 1 of 2

---

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk, U.S. District Court
Attn.: Roger A. Schroeder, CJA Administrator
401 W. Washington St., SPC-1
Phoenix, AZ 85003

Roger A. Schroeder:

In my letter dated April 21, 2009, I asked that you please keep me updated with information regarding the payment vouchers that have been submitted under my case number (I am entitled to this information pursuant to the Criminal Justice Act).

I have not received any response letters from you. Please respond to my last letter, wherein I clarified the law for you, and also send me an update on the payment vouchers, if any, that have been submitted. If no payment vouchers have been submitted then please indicate that in your response letter. If I do not receive a response from you within 30 days then I will assume that you are refusing to comply with my request and that you are refusing to fulfill your obligations as a CJA administrator.

Please be aware that I was erroneously arrested and booked under the name "Steven Brawner." CCA-CADC refuses to recognize me under my true name, Daniel Rigmaiden, and often times letters sent to my true name get returned. Considering that, all letters sent to me need to be addressed as follows:

Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

I appreciate your assistance with the matters outlined in this letter. I look forward to receiving a response.

///
///
///
///
///
///

June 10, 2009
Daniel Rigmaiden
RE: Request for information CJA panel complaints
Page # 2 of 2

Sincerely,

Daniel Rigmaiden

*Daniel Rigmaiden*
Author

State of ARIZONA          )
                          ) ss.          ACKNOWLEDGMENT
County of GiLA            )

On this  9  day of  June , 2009 , before
me, the undersigned Notary Public, personally appeared,
DANIEL RIGMAIDEN AKA Steven Brawner
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: 10-4-2010

*Kenneth Mac Auley*
Notary Public

Kenneth Mac Auley
NOTARY PUBLIC - ARIZONA
GILA COUNTY
My Commission Expires
October 4, 2010

6-9-09

EXHIBIT [05]
United States v. Rigmaiden
08CR814

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

June 24, 2009

Daniel Rigmaiden
A.K.A. Steven Brawner
Agency # 10966111
CCA-CADC
P. O. Box 6300
Florence, AZ 85232

Dear Mr. Rigmaiden:

I have been directed by Judge Campbell to inform you that the information you seek regarding disclosure of vouchers should be addressed to the Court, rather than the CJA Voucher Review Unit. Please file a motion for the release of payment information with the Court.

Sincerely,

Roger A. Schroeder
CJA Administrator

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

DOCUMENT [02]

# PHILIP A. SEPLOW
## ATTORNEY AT LAW

2000 NORTH 7TH STREET
PHOENIX, ARIZONA 85006

(602) 254-8817
FAX (602) 254-0271

MEMBER ARIZONA & CALIFORNIA BARS

September 25, 2009

Mr. Steven Travis Brawner
Reg# 10966111
CCA
P O Box 6300
Florence AZ  85132-6300

RE:   United States of America vs. Daniel Rigmaiden
      Case No. CR 08-814-PHX-DGC

Dear Daniel:



Mr. Steven Travis Brawner
September 24, 2009
Page TWO

Sincerely yours,

Philip A. Seplow



ati
u

Sonia
hayor
ge the Court?
HARD LACAYO

Supreme
t Myths
ARD LAZARUS

Coming Showdown
Affirmative Action
ISTOPHER CALDWELL

INCARCERATED DETAINEE REDACTS WITH MAGAZINE SCRAPS

Mr. Steven Travis Brawner
September 24, 2009
Page THREE

INCARCERATED DETAINEE REDACTS WITH MAGAZINE SCRAPS

PPPS - While writing this letter the Court called. The Court will not be considering your motion for copies of any billing statements. The Court also reminded me that on June 26, 2009, via document number 111 in this case, that it was ordered that the Court will not consider any motions that are not filed by your attorney and that you were directed to cease and desist filing any *pr se* motions.